Donald J. Weiss, Esq.
Law Office of Donald J. Weiss
Attorney for Plaintiff
1 Penn Plaza
New York, New York 10119
(212) 967-4440

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIE MAURY,

        Plaintiff,

-against-

SNH UNITED INC. d/b/a MAROO and 172 EAST 92ND STREET LLC,

        Defendants.

---

Case No. 16CV6202

Plaintiff, JULIE MAURY (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants SNH UNITED INC. d/b/a MAROO (the "Restaurant") and 172 EAST 92ND STREET LLC ("Landlord") (the Restaurant and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## NATURE OF THE CLAIMS

1.    Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

2. This action seeks, *inter alia*, to make the Defendants' property accessible so that Plaintiff can finally enjoy the full and equal opportunity that the Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property which is the subject of this action is located in this district.

## PARTIES

5. Plaintiff is, and at all times relevant hereto, has been, disabled, as she has Cerebral Palsy and uses a wheelchair for mobility.

6. The Restaurant owns and operates a restaurant specializing in Korean and Japanese food, at the premises known and designated as 1640 Third Avenue, New York, New York (the "Property").

7. The Landlord is the owner of the Property.

8. The Restaurant occupies the space at the Property pursuant to written agreement with the Landlord.

## FACTS

9. Plaintiff lives near the Property and shops and eats in the area where the

2

Restaurant is located.

10. During her last visit to the Restaurant, on July 31, 2016, Plaintiff observed that the barrier to her entry remained in place.

11. It is humiliating and demeaning for the Plaintiff to be compelled to observe individuals who are able to ambulate and enter the Defendants' public facility while she can only sit on the sidewalk and watch.

12. The failure of Defendants to remove the barriers to access complained of herein violates the ADA rights of the Plaintiff and other wheelchair users who want to enjoy the goods and services offered by the Restaurant.

13. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of the ADA and its implementing regulations.

14. Plaintiff continues to look forward to enjoying a meal inside the Restaurant when the barriers to her entry have been removed.

15. The Defendants' failure to make their place of public accommodation accessible denies Plaintiff the opportunity to participate in, or benefit from, services or accommodations on the basis of disability.

16. An inspection of the Restaurant revealed the following, including architectural barriers to access which have existed, and continue to exist, at the Restaurant (statutory sections listed refer to the 2010 ADA Standards for Accessible Design, unless otherwise noted):

The entrance is located in the center of the storefront. At the time of the investigation, there was a temporary enclosure in front of the door, which has an 8" rise/step which prevents the Plaintiff in her wheelchair from gaining entry. The glass door, which opens out towards the

street, is recessed and there are large pillars on either side of the recess. The required 18" on the pull side of the door, which allows for space for Plaintiff to sit while she opens the door, does not exist.

**Entrance Violations:**

a) 4.3.2 (1) provides that at least one accessible route must be provided from streets or sidewalks to the accessible building entrance they serve, with the accessible route, to the maximum extent feasible, coinciding with the route for the general public. The rise/step at the entrance violates this rule and prevents Plaintiff entering the restaurant.

b) 4.3.8 provides that changes in levels along an accessible route must comply with 4.5.2. If an accessible route has changes in level greater than 1/2 inch then a ramp or platform lift is required. There is no ramp or lift to facilitate Plaintiffs entry.

c) 4.13.6 provides that minimum maneuvering clearances at doors that are not automatic or power-assisted must provide certain minimum clearances and the floor or ground area within the required clearances must be level and clear. Defendants fail to provide any level maneuvering clearance at the entrance.

d) 4.14.1 requires entrances to be part of an accessible route complying with 4.3 and connect by an accessible route to public sidewalks. Those entrances must then also be connected by an accessible route to all accessible spaces or elements within the building or facility. There is no accessible route connecting the sidewalk to any spaces inside the restaurant, including the bathroom.

Inside, there are different types of tables to eat at on the right and the left. Three tables on the right are "peg leg" style tables, seating two persons at each. There is an additional bar height table as well. On the left there are two bar height tables with five metal stools at each.

4

These tables are on wheels.

There is a service counter between the dining areas and a self-serve cooler for drinks to the right of the counter. None of the available tables are ADA compliant, and do not allow the Plaintiff to pull up in her wheel chair to eat as they do not allow her the required space needed for her feet and legs (so she would be required to sit and eat from her lap).

**Dining Area Violations:**

e) There are no accessible seating/tables in the dining areas that allow enough space for the Plaintiff to comfortably sit in her wheelchair, beneath a table. 4.32.3 and 4.32.4 require the tops of accessible tables and counters to be from 28 inches to 34 inches above the floor and provide knee spaces at least 27 inches high, 30 inches wide, and 19 inches deep. Because no accessible table is provided, Plaintiff is not provided with the ability to dine as non-disabled patrons are provided.

17. All of the foregoing violations were reviewed with Plaintiff prior to the filing of this Complaint, and photographs depicting some of the barriers are annexed as Exhibit A and incorporated by reference herein.

18. There are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Restaurant accessible to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

19. The Defendants continue to deny Plaintiff, who wishes to enjoy the Restaurant's services, opportunities which are equal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

5

## CLAIMS FOR RELIEF

### CLAIM I

### READILY ACHIEVABLE BARRIER REMOVAL

20. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 15. By failing to remove barriers to access to the extent it is readily achievable to do so, such as ramping the front step and providing an ADA compliant service counter, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

21. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 15, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

22. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

### CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

23. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 15. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

24. In the alternative, the Defendants have failed to provide Plaintiff with reasonable

alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

25. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4) by maintaining and/or creating an inaccessible place of public accommodation.

26. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 15. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## CLAIM V

### VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAWS

27. The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

28. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

29. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights

of Plaintiff as to the defendants' place of public accommodation, and its policies, practices and procedures

   B. Issue a permanent injunction ordering the defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

   C. Retain jurisdiction over the defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

   D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

   E. Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

   G. Pursuant to New York State Civil Rights Law § 40-d, find the defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

   H. Award Plaintiff reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

   I. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

   J. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 2, 2016

                   _____
                   Donald J. Weiss, Esq. (7619)

# EXHIBIT A













